UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| JONATHAN OLIVER, )<br>)<br>　　　　Plaintiff )<br>v. )　　No. 1:21-cv-00225-JAW<br>)<br>VERSANT POWER et al., )<br>)<br>　　　　Defendants ) | |

### RECOMMENDED DISMISSAL

*Pro se* plaintiff Jonathan Oliver filed the instant suit on August 9, 2021, but did not pay the court's filing fee or file a motion for leave to proceed *in forma pauperis* (IFP). *See* Complaint (ECF No. 1). By order dated August 23, 2021, I directed the Clerk's Office to provide Oliver with an IFP application and warned that if he failed to either file such an application or pay the filing fee by September 7, 2021, his case could be subject to dismissal. *See* Order Regarding Filing Fee (ECF No. 3). A private entry on the CM/ECF docket reflects that the Clerk's Office mailed a copy of my order together with an IFP application to Oliver the same day that order entered.[1] Oliver did not file an IFP application or pay the filing fee by September 7, 2021; nor has he done so since the deadline elapsed.

Oliver's failure to file an IFP application or pay this court's filing fee by the deadline warrants the dismissal of his action. *See* Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any

---

[1] The docket reflects that a packet of information for *pro se* litigants sent to Oliver's street address was returned as undeliverable. *See* ECF No. 4. The Clerk's Office has confirmed, however, that my previous order (ECF No. 3) and an IFP application were sent to Oliver's post office box and have not been returned as undeliverable. Furthermore, Oliver received the same information as was in the undelivered *pro se* information packet in the two other suits he filed around the same time as this one. *See generally Jonathan Oliver v. Town of Monticello et al.*, 1:21-cv-00227-NT; *Jonathan Oliver v. Arizona State University et al.*, 1:21-cv-00228-LEW.

1

claim against it."); *Unitronics (1989) (R"G) Ltd. v. Gharb*, 85 F. Supp. 3d 118, 126 (D.D.C. 2015) ("Although Rule 41(b) refers only to dismissal on a motion made by a defendant, district courts may also *sua sponte* dismiss a complaint under Rule 41(b) for failure to comply with a court order."); *United States v. Edmunds*, Case No. 15-cv-2705 (JRT/TNL), 2016 WL 7670605, at *5 (D. Minn. Dec. 6, 2016) (rec. dec., *aff'd* Jan. 10, 2017) ("[W]hile pro se litigants are accorded a certain degree of latitude, [a party's] pro se status does not excuse [him] from complying with this Court's orders as well as the Federal Rules of Civil Procedure and the Court's Local Rules.").

Although dismissal is appropriate, a separate issue remains as to whether the dismissal should be with prejudice. Unless the court directs otherwise, a dismissal for failure to prosecute "operates as an adjudication on the merits." Fed. R. Civ. P. 41(b). As a general rule, however, dismissal of an action with prejudice is a sanction reserved for the most extreme misconduct. *See, e.g.*, *Vázquez-Rijos v. Anhang*, 654 F.3d 122, 127-28 (1st Cir. 2011). For example, "[d]ismissal with prejudice for failure to prosecute is appropriate in the face of extremely protracted inaction (measured in years), disobedience of court orders, ignorance of warnings, contumacious conduct, or some other aggravating circumstance." *Pomales v. Celulares Telefónica, Inc.*, 342 F.3d 44, 48 (1st Cir. 2003) (citations and internal quotation marks omitted). "[W]here the case is close, courts should prefer less severe sanctions that preserve the possibility of disposition on the merits." *Id*.

A dismissal with prejudice is inappropriate here: Oliver is acting *pro se* and failed to obey one court order directing him to file an IFP application or pay this court's filing fee. Accordingly, I recommend that the case be **DISMISSED** without prejudice.

## *NOTICE*

*In accordance with Federal Rule of Civil Procedure 72(a), a party may serve and file an objection to this order within fourteen (14) days after being served with a copy thereof.*

*Failure to file a timely objection shall constitute a waiver of the right to review by the district court and to any further appeal of this order.*

Dated this 21st day of October, 2021.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge